# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRUCE WHITE, | ) | CV. NO. 09-00571 DAE-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| INDYMAC BANK, FSB, | ) | |
| ONEWEST BANK FSB, and DOES | ) | |
| 1 through 20 inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER: (1) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT; (2) DENYING AS MOOT ONEWEST'S MOTION FOR SUMMARY JUDGMENT; (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (4) DENYING AS MOOT ONEWEST'S SECOND <u>MOTION FOR SUMMARY JUDGMENT</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the supporting and opposing memoranda, the Court <u>sua sponte</u> DISMISSES Plaintiff's Complaint and DENIES AS MOOT OneWest's Motion for Summary Judgment (Doc. # 34), Plaintiff's Motion for Summary Judgment (Doc. # 38), and OneWest's Second Motion for Summary Judgment (Doc. # 77).

<u>BACKGROUND</u>

On December 4, 2009, Plaintiff Bruce White ("Plaintiff") filed a

Complaint against Indymac Bank, FSB ("Indymac"), OneWest Bank, FSB

("OneWest"), and Does 1 through 20, (collectively, "Defendants") alleging that the

actions taken by Defendants "contain unfair trade practices and predatory lending

practices." ("Compl.," Doc # 1 ¶ 7.) Specifically, Plaintiff's Complaint alleges

Counts: (Count 1) Unfair Trade Practices Involving Non Compliance, Under 15

USC Sections 1802 Et. Seq. (<u>id.</u> ¶¶ 27–31); (Count 2) Failure to Obtain Signed

Loan Documents in Violation of 15 U.S.C. Sec. 1601 Et. Seq. and Title 12,

Regulation Z Part 226 E. Seq. (<u>id.</u> ¶¶ 32–36); (Count 3) Failure to Give 3 Day

Cooling Period in Violation of 15 U.S.C. 1601, Et Seq., and Regulations [sic] Z

(<u>id.</u> ¶¶ 37–41); (Count 4) Failure to Give Conspicuous Writings in Violation of 15

U.S.C. 1601 Et. Seq. and Title 12 of Federal Regulations, Sec. 226.18 (<u>id.</u>

¶¶ 42–46); (Count 5) Unfair and Deceptive Acts and Practices in Violation of

Chapter 480, Hawaii Revised Statutes (<u>id.</u> ¶¶ 47–51); (Count 6) Declaratory

Judgement Re: Fraud and Rescission and Common Law Damages (<u>id.</u> ¶¶ 52–53);

(Count 7) Injunctive Relief (<u>id.</u> ¶¶ 54–55); and (Count 8) Punitive Damages (<u>id.</u>

¶¶ 56–57).

On January 30, 2006, Plaintiff entered into a loan transaction secured by a note in the principal amount of $1,000,000.00, which was secured by a mortgage recorded on the same day, in the Bureau of Conveyances, State of Hawaii, as Document No. 2006-021984.  (Id. ¶ 10.)  The real property at issue in this loan transaction is designated as TMK (2) 1-2-003-059, known as Lot 53B Nahiku Homesteads, located at Hana, Maui, Hawaii, 96713 ("Subject Property").  (Id. ¶ 7.)

Plaintiff contends that Defendants, amongst other things, failed to provide Plaintiff with copies of important documents explaining his consumer rights, failed to provide disclosures that would indicate that the contract entered into was void, illegal, or otherwise in violation of Federal law, made misleading representations regarding the costs of the mortgage loan, and implemented this deceptive scheme through misleading marketing practices designed to sell risky and costly loans to homeowners, the terms and dangers of which Plaintiff did not understand.  (Id. ¶¶ 11, 12, 15, 18.)

On January 10, 2011, Defendant OneWest filed a Motion for Summary Judgment ("OneWest's Motion for Summary Judgment") (Doc. # 34) and a Concise Statement of Facts in support of that Motion (Doc. # 35).  On January 10, 2011, Plaintiff also filed a Motion for Summary Judgment ("Plaintiff's

Motion for Summary Judgment"). (Doc. # 38.) On March 11, 2011, Plaintiff filed

a Motion in Opposition of Summary Judgment and a Memorandum in Support

(Doc. # 71.) On March 14, 2011, OneWest filed a Memorandum in Opposition to

Plaintiff's Motion for Summary Judgment (Doc. # 69) and a Concise Statement of

Facts in Support of their Opposition (Doc. # 68). On March 18, 2011, OneWest

filed a Reply in support of their Motion. (Doc. # 75.) On March 24, 2011,

OneWest filed a Second Motion for Summary Judgment ("OneWest's Second

Motion for Summary Judgment") (Doc. # 77) and a concise statement of facts in

support (Doc. # 78). On April 13, 2011, Plaintiff filed a Motion in Opposition of

Second Summary Judgment. (Doc. # 93.)

STANDARD OF REVIEW

I.     Federal Rules of Civil Procedure 8 and 12

The court may dismiss a complaint pursuant to Federal Rule of Civil

Procedure ("Rule") 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc.,

813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte

under [Rule] 12(b)(6). Such a dismissal may be made without notice where the

claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968

n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim sua sponte for a Defendant

who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also

4

Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases sua sponte pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). Additionally, a paid complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process. Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); see also Fed. R. Civ. P. 12(h)(3); Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."); Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995) ("[D]ismissal of Branson's complaint was required because the district court lacked subject matter jurisdiction . . . .").

The court may also sua sponte dismiss a complaint for failure to comply with Federal Rule of Civil Procedure ("Rule") 8. Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969); Simmons v.

Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (stating that a district court has the power to sua sponte dismiss a complaint for failure to comply with Rule 8 where the complaint is so confused, ambiguous, or unintelligible that its true substance is well disguised); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

Put slightly differently, a district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed. See McHenry, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); cf. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers

labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." McHenry, 84 F.3d at 1179.

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

II.     Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances constituting fraud." In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), superseded on other grounds by 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. Id. at 1548 (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)). "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 10104, 1019 (9th Cir. 2001)); see also Moore, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

<u>DISCUSSION</u>

Because the Complaint does not satisfy federal pleading requirements, the Court <u>sua sponte</u> dismisses Plaintiff's Complaint with leave to amend. Accordingly, the Court DENIES as moot OneWest's Motion for Summary Judgment, Plaintiff's Motion for Summary Judgment, and OneWest's Second Motion for Summary Judgment.

I.    <u>Sua Sponte Dismissal of Plaintiff's Complaint</u>

In determining whether a complaint states a claim, the Court must first disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and then second, "identify 'well-pleaded factual allegations,' which we assume to be true, 'and then determine whether they plausibly give rise to an entitlement to relief.'" <u>Telesaurus VPC, LLC v. Power</u>, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949–50). In the instant case, Plaintiff's Complaint fails to state a claim for a variety of reasons including failure to provide specific allegations forming the basis of Plaintiff's claims, and failing to state claims within the appropriate statute of limitations periods. As such, the Complaint is deficient in carrying Plaintiff's pleading obligations under Federal Rules of Civil Procedure 8 and 12(b)(6) for the following reasons, and is dismissed <u>sua sponte</u> by the Court.

A.    Counts 1–4

Count 1 of Plaintiff's Complaint alleges unfair trade practices involving noncompliance under 15 U.S.C. § 1802, et. seq., on the basis that "[f]ull disclosure of the Mortgage and Note documents were not given to [Plaintiff] by Defendants [] at or after closing and/or completion of the Mortgage and Note transaction had taken place . . . ."  (Compl. ¶ 28.)  Count 2 of Plaintiff's Complaint alleges that Defendants failed to give required notices in various loan documents and failed to have said documents signed by Plaintiff, as required by 15 U.S.C. § 1601 et. seq., and Title 12, Regulation Z, part 226 et. seq.  (Id.  ¶ 33.)  Count 3 of Plaintiff's Complaint alleges that Defendants failed to give Plaintiff the required 3 day cooling off period as required by Regulation Z and 15 U.S.C. § 1601 et. seq. (Id. ¶ 38.)  Finally, Count 4 of Plaintiff's Complaint alleges that Defendants failed to make the disclosures in writing required by 15 U.S.C. § 1601 et. seq., and Title 12 of Federal Regulations, Sec. 226.18.  (Id. ¶ 43.)

As a preliminary matter, Count 1 fails to state a claim because the federal statute cited by Plaintiff, 15 U.S.C. § 1802 et. seq., is found in the chapter of the United States Code governing newspaper preservation, thus it appears that Plaintiff cited this statute in error.  Additionally, Plaintiff has not pled sufficient

facts to explain its relevance to this action.  Thus, Count 1 can be dismissed by the Court on this basis alone.

Additionally, Counts 1–4 fail because despite Plaintiff's laundry list of allegations allegedly committed by Defendants provided in the "Background" section of Plaintiff's Complaint, Counts 1–4 fail to identify which of these allegations relate to which specific statutory violation stated in Counts 1–4. Plaintiff's failure to cite any specific provision of the aforementioned statutes that was violated by Defendants is grounds for dismissal of the claim, alone.  See Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009); Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1183 (D. Ariz. 2009).[1]  Although Rule 8 requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must sufficiently put Defendants on fair notice of the claim asserted and the ground upon which it rests.  Defendants, nor the Court, are required to speculate as to which provisions Plaintiff is suing under or how Defendants violated such provisions.  Vague allegations containing mere labels and

---

[1]Although the Court does not cite to other district courts as precedent, it notes that the cases cited here have also visited a similar issue.

conclusions are insufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 555.

Furthermore, to the extent Plaintiff alleges violations of 15 U.S.C. § 1601, et. seq., and Title 12 Regulation Z part 226 et. seq. ("Regulation Z") in Counts 1–4, all such claims must be dismissed pursuant to the statute of limitations.[2] Specifically, 15 U.S.C. Sec. 1601, et. seq. constitutes the Truth in Lending Act ("TILA"), and Regulation Z consists of the sections implementing TILA, both of which provide for either a one or three-year statute of limitations depending on the remedy sought. TILA provides borrowers two remedies for disclosure violations: (1) rescission, pursuant to 15 U.S.C. § 1635; and (2) damages, pursuant to 15 U.S.C. § 1640. Plaintiff appears to allege both, thus the Court will address each remedy in turn.

### i. TILA Damages Claim

Counts 1–4 seek damages for various violations of TILA and Regulation Z, all of which occurred at or around the time the loan agreement was entered into. TILA authorizes civil liability in the form of actual damages,

---

[2] Although Count 1 states a claim under 15 U.S.C. § 1802, the Court assumes here, arguendo, that Plaintiff meant to allege a violation of 15 U.S.C. § 1602. Similarly, Count 4 alleges a claim under Title 2 of Federal Regulations, Sec. 226.18, but as such a statute does not exist, the Court assumes Plaintiff meant to allege a violation of Regulation Z.

statutory damages, costs, and attorneys fees.  15 U.S.C. § 1640.  Pursuant to

Section 1640(e), there is a one-year statute of limitations for civil liability claims

under TILA.  Id. § 1640(e).  The limitations period generally runs from the date of

consummation of the transaction.  King, 784 F.2d at 915.  Here, Plaintiff entered

into the loan transaction on January 30, 2006 and initiated the instant lawsuit on

December 4, 2009.  As such, more than one year elapsed between the

consummation of the loan, when the alleged violations in Counts 1–4 occurred, and

the filing of the instant action.  Therefore, Plaintiff's claim is barred by the statute

of limitations unless equitable tolling applies.

As a general matter, "[e]quitable tolling may be applied if, despite all

due diligence, a plaintiff is unable to obtain vital information bearing on the

existence of his claim."  Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir.

2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006)

("Equitable tolling is generally applied in situations 'where the claimant has

actively pursued his judicial remedies by filing a defective pleading during the

statutory period, or where the complainant has been induced or tricked by his

adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin

v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))).  In a TILA damages action

specifically, equitable tolling may suspend the limitations period "until the

borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." <u>King</u>, 784 F.2d at 915. However, when a plaintiff fails to allege facts demonstrating that the plaintiff could not have discovered the purported TILA violation with reasonable diligence, dismissal is appropriate and equitable tolling will not apply. <u>See</u> <u>Meyer v. Ameriquest Mortg. Co.</u>, 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling for failure to make required disclosures under TILA when the plaintiff was in full possession of all loan documents and did not allege fraudulent concealment or any other action that would have prevented discovery of the violation); <u>Hubbard v. Fidelity Fed. Bank</u>, 91 F.3d 75, 79 (9th Cir. 1996) (holding that the plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements").

In this case, as in <u>Meyer</u> and <u>Hubbard</u>, Plaintiff fails to allege any facts to demonstrate that equitable tolling applies. Plaintiff's assertion that Defendants "negligently and/or intentionally failed and/or refused to provide disclosures . . ." (Compl. ¶ 12) is conclusory and does not justify application of equitable tolling. Specifically, Plaintiff offers no explanation for why he was unable to discover the TILA violations within the one-year statutory period. These

facts without more are insufficient for Plaintiff to invoke the doctrine of equitable tolling. As such, Plaintiff's TILA damages claim is barred by the statute of limitations.

    ii.    <u>TILA Rescission Claim</u>

Counts 1–4 do not explicitly seek rescission under TILA; however, Count 6 of the Complaint appears to seek general rescission of the loan (Compl. at 9), as does Plaintiff's prayer for relief (<u>id.</u> at 10, Sec. d). To the extent those claims are alleged pursuant to TILA, the Court discusses them here.

Section 1635(a), TILA's so-called buyer's remorse provision, gives borrowers three business days to rescind the loan agreement without penalty. 15 U.S.C. § 1635(a); <u>Semar v. Platte Valley Fed. Sav. & Loan Ass'n</u>, 791 F.2d 699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)). To invoke this provision, the loan must be a consumer loan using the borrower's principal dwelling as security. 15 U.S.C. § 1635(a). If the lender fails to deliver certain forms or disclose important terms accurately, Section 1635(f) gives the borrower the right to rescind until "three years after the consummation of the transaction or . . . the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f); <u>see also</u> <u>King v. California</u>, 784 F.2d 910, 913 (9th Cir. 1986).

Here, as stated above, Plaintiff entered into the loan transaction on January 30, 2006, and initiated the present lawsuit on December 4, 2009. As this is more than three years since the consummation of the loan, Plaintiff's claim is barred by the statute of limitations.

Additionally, equitable tolling does not apply to rescission under TILA. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"); see also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (citing Beach and holding that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period"); King, 784 F.2d at 913 (characterizing Section 1635(f) as a "three-year absolute limitation" on Section 1635 rescission actions). As such, Plaintiffs' TILA rescission claims are barred as a matter of law by the statute of limitations.

For all of the aforementioned reasons, Plaintiff's claims in Counts 1–4 fail to state a valid cause of action. The Court DISMISSES WITHOUT PREJUDICE Plaintiff's TILA claims to the extent he seeks damages, and DISMISSES WITH PREJUDICE Plaintiff's TILA claims to the extent he seeks rescission of the loan.

B.     Count 5

Count 5 of Plaintiff's Complaint seeks relief for Unfair and Deceptive Acts or Practices ("UDAP") in violation of Hawaii Revised Statutes ("HRS") Chapter 480.  (Compl. at 8.)  Specifically, Plaintiff claims that he is a consumer within the meaning of HRS Chapter 480, in the class of persons that this law is designed to protect, and that the actions of Defendants are deceptive acts and practices and unfair methods of competition actionable under HRS § 480-2 and § 480-13.  (Id. ¶48–50.)

Plaintiff's claim under Count 5 is wholly conclusory and entirely fails to provide any of the general elements for a claim under HRS §§ 480–2 and 480–13.  See Tokuhisa v. Cutter Mgmt. Co., 223 P.3d 246, 261 (Haw. App. 2009) ("Thus, § 480-13 establishes four essential elements: (1) a violation of chapter 480; (2) injury to plaintiff's business or property resulting from such violation; (3) proof of the amount of damages; and (4) a showing that the action is in the public interest or that the defendant is a merchant." (citations omitted)).

Because Plaintiff's Complaint fails to provide any facts as to Defendants' purported unfair or deceptive acts or practices and unfair methods of competition, it fails to state a claim for a UDAP violation.  See Iqbal, 129 S. Ct. at

1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Accordingly, the Court DISMISSES WITHOUT PREJUDICE Count 5 of the Complaint.

C.      Counts 6, 7, and 8

In Count 6 of the Complaint, Plaintiff appears to seek a declaratory judgment pursuant to fraud, rescission, and common law damages.  (Compl. at 9.) Specifically, Plaintiff claims that the Note and Mortgage are void and unenforceable, "as procured by deceit and misrepresentation and duress . . . ."  (Id. ¶ 53.)  First, it is entirely unclear to the Court what exactly Plaintiff is attempting to allege in the instant cause of action.  Plaintiff entirely fails to point to any conduct on the part of Defendants constituting the alleged violation, which itself is a basis for dismissal of the claim.

Moreover, the Court finds that Plaintiff's allegations in Count 6 are insufficient to meet his burden under the more rigorous pleading requirements of Rule 9 that apply to allegations of fraud or mistake.  See Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake).  The claim must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged."  Kearns v. Ford Motor Co., 567 F.3d 1120 (9th

18

Cir. 2009) (internal citation and quotations omitted).  A plaintiff "must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1393 (9th Cir. 1988).

Here, Plaintiff fails to plead the time and place of any alleged fraud and he also does not specify what role each defendant played in the alleged misconduct.  Instead, Plaintiff broadly attributes the allegedly false statements to both Defendants generally, without specifying when, where, and by who the false statements were made.  Furthermore, Plaintiff's statement that "the Note and Mortgage . . . are void and unenforceable as procured by deceit and misrepresentation . . ." is a legal conclusions entitled to no weight.  (Compl. ¶ 53); <u>see</u> <u>Iqbal</u>, 129 S. Ct. at 1949.  Additionally, all averments of fraud, even those found within other claims, must be pleaded with the particularity governed by Rule 9.

Finally, declaratory relief is not a cognizable independent cause of action.  <u>See</u> <u>Seattle Audubon Soc. v. Moseley</u>, 80 F. 3d 1401, 1405 (9th Cir. 1996) ("A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases brought by any interested party involving an actual controversy that has not reached a stage at which either party may seek a coercive

remedy and in cases where a party who could sue for coercive relief has not yet done so." (citation and quotations omitted)).  Because Plaintiff's claims for declaratory relief are based on allegations of Defendant's past actions, a claim for declaratory relief is improper and duplicative of Plaintiff's other claims.  See Ballard v. Chase Bank USA, NA, 2010 WL 5114952, at *8 (S.D. Cal. Dec. 9, 2010) ("A claim for declaratory relief "rises or falls with [the] other claims.") (citation omitted); Mangindin v. Washington Mut. Bank, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009).  For all of the aforementioned reasons, Count 6 as well as all other allegations of fraud found within Plaintiff's Complaint fail to state a claim.

In Count 7 of the Complaint, Plaintiff seeks injunctive relief preventing Defendants from further invoking and/or bringing or carrying through with any foreclosure and sale of the subject property.  (Compl. ¶ 55.)  Here, the Court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action.  See Jensen v. Quality Loan Serv. Corp, F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action"); Henke v. Arcon Midcon, L.L.C., - - - F. Supp. 2d - - -, 2010 WL 4513301, at * 6 (E.D. Mo. Nov. 2, 2010) ("Injunctive relief, however, is a remedy, not an independent cause of action."); Plan Pros, Inc. v. Zych, 2009 WL 928867, at *2 (D. Neb. Mar. 31, 2009) ("no independent cause of action for

injunction exists"); <u>Motely v. Homecomings Fin., LLC</u>, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008) (same). Plaintiff may receive injunctive relief if he is entitled to such a remedy pursuant to an independent cause of action, but injunctive relief may not stand alone.

In Count 8 of the Complaint, Plaintiff seeks punitive damages as a result of Defendants' alleged "fraud and unfair and deceptive acts and practices, [which] were done in a wanton, willful, intentional, and/or reckless manner, in complete criminal disregard of the finances of Plaintiff." (Compl. ¶ 57.) A claim for punitive damages is not an independent tort, but a remedy that is incidental to another cause of action. <u>See</u> <u>Ross v. Stouffer Hotel Co. (Hawaiʻi) Ltd.</u>, 879 P.2d 1037, 1049 (Haw. 1994) (citing <u>Kang v. Harrington</u>, 587 P.2d 285, 291 (Haw. 1978) (holding that a claim for punitive damages "is not an independent tort, but is purely incidental to a separate cause of action"). Because the Court finds that Plaintiff does not have any viable causes of action at this juncture, his claim for punitive damages must also fail.

Accordingly, the Court DISMISSES WITH PREJUDICE Counts 6, 7, and 8 without leave to amend. If Plaintiff eventually prevails on an independent claim, the court will necessarily render a judgment setting forth as such and providing appropriate remedies. Similarly, if injunctive relief is proper, it will be

because Plaintiff prevails, or has met the necessary test for such relief under Rule 65 of the Federal Rules of Civil Procedure, on an independent cause of action.

> ### D. Other Claims Stated in the Complaint

In paragraph eleven of his Complaint, Plaintiff states that Defendants failed to provide the documents and disclosures required by the "Federal Truth in Lending 'TILA,' the Real Estate Procedures Act 'RESPA,' the Equal Credit Opportunity Act 'ECOA,' the Gramm, Leach, Bliley Act 'GLB' and the Home Ownership and Equity Protection Act 'HOEPA.'" (Compl. ¶ 11.) To the extent Plaintiff alleges a claim under TILA, such claims have already been addressed by the Court above. To the extent Plaintiff brings claims under RESPA, ECOA, GLB, and HOEPA, such claims are not mentioned anywhere else in the Complaint and no factual allegations have been made regarding any of these claims. Simply stating that violations of these statutes occurred falls well below the minimum standards necessary to state a claim under Rule 8. Moreover, paragraph eleven of the Complaint states no facts or details, and such conclusory allegations, without more, are insufficient to state a claim upon which relief may be granted. See Iqbal, 129 S. Ct. at 1949. As such, Plaintiff's RESPA, ECOA, GLB, and HOEPA claims all fail to state claims upon which relief may be granted and are thus DISMISSED.

II.     Motions for Summary Judgment Dismissed as Moot

        Because the Court has dismissed Plaintiff's Complaint, the Court also

DENIES AS MOOT OneWest's Motion for Summary Judgment (Doc. # 34),

Plaintiff's Motion for Summary Judgment (Doc. # 38), and OneWest's Second

Motion for Summary Judgment (Doc. # 77).

III.    Leave to Amend

        "Before a district court may dismiss a pro se complaint for failure to

state a claim upon which relief can be granted, the court must provide the pro se

litigant with notice of the deficiencies of the complaint and an opportunity to

amend it if the deficiencies can be cured, prior to dismissal."[3] Sevcik v. Unlimited

Const. Services, Inc., 462 F. Supp. 2d 1140, 1146 (D. Haw. 2006) (citing Ferdik v.

Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992); Eldridge v. Block, 832 F.2d 1132,

1137 (9th Cir. 1987)).  The Court may, however, deny leave to amend where

amendment would be futile.  Flowers v. First Hawaiian Bank, 295 F.3d 966, 976

(9th Cir. 2002) (citing Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.,

911 F.2d 242, 247 (9th Cir. 1990) (per curiam)); Eldridge, 832 F.2d at 1135-36.

---

[3] The Court recognizes that at the time Plaintiff's Complaint was filed, he
was represented by counsel.  However, Plaintiff has been proceeding pro se since
October 19, 2010, and thus the Court, in an abundance of caution, considers
Plaintiff a pro se litigant for purposes of the instant Order.

Here, the Court recognizes that it may be possible for Plaintiff to state a claim if provided the opportunity to amend his Complaint. However, leave to amend does not apply to Plaintiff's claims for TILA rescission, declaratory judgment, injunctive relief, and punitive damages. Thus, Plaintiff is given 30 days from the filing of this order to amend the remaining portions of his Complaint. Any amended complaint must comply with the dictates of this Order and cure all factual deficiencies for any counts Plaintiff elects to pursue. If Plaintiff fails to file an amended complaint within 30 days of the filing of this Order, the Clerk of Court is directed to enter judgment in favor of Defendants.

Additionally, the Court notes that Plaintiff previously attempted to amend his Complaint (Docs. ## 23–24), but was denied that opportunity for failure to comply with Court deadlines. Specifically, Plaintiff was given a two-week extension of time to file a motion for leave to file an amended complaint and still did not timely submit his motion. For this reason, the Court finds that this Order in no way grants Plaintiff leave to add claims, allegations, or Defendants to those articulated in the Complaint. Rather, any amended complaint shall only constitute a formal representation of the allegations and claims that remain. Failure to comply with this Order may result in dismissal of this action.

<u>CONCLUSION</u>

For the reasons stated above, the Court <u>sua sponte</u> DISMISSES

Plaintiff's Complaint with Leave to Amend Plaintiff's claims other than TILA

rescission, declaratory judgment, injunctive relief, and punitive damages, as

outlined above.  Additionally, the Court DENIES AS MOOT OneWest's Motion

for Summary Judgment (Doc. # 34 ), Plaintiff's Motion for Summary Judgment

(Doc. # 38 ), and OneWest's Second Motion for Summary Judgment (Doc. # 77).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 18, 2011.



_____
David Alan Ezra
United States District Judge

<u>White v. IndyMac Bank FSB, et al.</u>, CV No. 09-00571 DAE-KSC;  ORDER: (1)
SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT; (2) DENYING AS
MOOT ONEWEST'S MOTION FOR SUMMARY JUDGMENT; (3) DENYING
AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (4)
DENYING AS MOOT ONEWEST'S SECOND MOTION FOR SUMMARY
JUDGMENT