IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRUCE WHITE, | ) | CV. NO. 09-00571 DAE-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| INDYMAC BANK, FSB; | ) | |
| ONEWEST BANK, FSB; DOES 1 | ) | |
| THROUGH 20, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND (2) DENYING PLAINTIFF'S REQUEST
FOR A TRO OR PRELIMINARY INJUNCTION

On January 17, 2012, the Court heard Defendant's Motion for

Summary Judgment.  Bruce White, appeared by telephone on behalf of himself;

Charles Gall, Esq., appeared at the hearing on behalf of Defendant Onewest Bank,

FSB.  After reviewing the motion and the supporting documents, the Court

**DENIES WITHOUT PREJUDICE** Defendant's Motion and **DENIES** Plaintiff's

request for a temporary restraining order or preliminary injunction.  (Doc. # 150.)

## BACKGROUND

I.   Factual Background

This action stems from the foreclosure of Plaintiff Bruce White's real property designated as Lot 53B Nahiku Homesteads, located at Hana, Maui, Hawaii, 96713 (TMK: (2) 1-2-003-059) ("Subject Property").  On January 30, 2006, Plaintiff entered into a loan transaction by executing an Adjustable Rate Note for the principal amount of $1,000,000.00, which was secured by a Mortgage recorded on the same day in the Bureau of Conveyances as Document No. 2006-021984.  ("Note," Doc. # 121-2; "Mortgage," Doc. # 121-3.)  Defendant IndyMac Bank, FSB ("IndyMac") is listed as the originating lender on the Mortgage. (Mortgage at 2.)  Pursuant to the terms of the Note and Mortgage, Plaintiff was obligated to make scheduled payments of principal and/or interest beginning on March 1, 2006.  (Note at 1–2; Mortgage at 4–5.)  After approximately 16 months, Plaintiff stopped making payments on the loan as a result of financial hardship. ("White Depo.," Doc. # 143-1 at 60; Doc. # 121 ¶¶ 19–20.)

On December 20, 2007, IndyMac filed a foreclosure action in the Circuit Court of the Second Circuit, State of Hawaii.  (Doc. # 142-2.)  On

December 1, 2008, the state court issued an Order finding Plaintiff in default under the Note and Mortgage and entered a Judgment for the foreclosure of the Subject Property. (Doc. # 142-4.)

II.   The Instant Action

Plaintiff commenced this action on December 4, 2009 against IndyMac Bank, FSB ("IndyMac"), OneWest Bank, FSB ("OneWest"),[1] and Does 1 through 20, (collectively, "Defendants") alleging: (1) unfair trade practices involving non compliance under 15 U.S.C. § 1802, et seq. (Count 1); (2) failure to obtain signed loan documents in violation of 15 U.S.C. § 1601, et seq., and Title 12, Regulation Z Part 226, et seq. (Count 2); (3) failure to give 3 day cooling period in violation of 15 U.S.C. § 1601, et seq., and Regulation Z (Count 3); (4) failure to give conspicuous writings in violation of 15 U.S.C. § 1601, et seq., and Title 12 of the Federal Regulations, Sec. 226.18 (Count 4); and (5) unfair and deceptive acts and practices in violation of Hawaii Revised Statutes ("HRS") Chapter 480 (Count 5). Plaintiff also requested the following: (1) a declaratory

---

[1]On July 11, 2008, IndyMac Bank, FSB was closed by the Office of Thrift Supervision and went into receivership with the Federal Deposit Insurance Corporation (FDIC). (Doc. # 35-5.) On March 19, 2009, the FDIC transferred IndyMac's assets to OneWest Bank, FSB, a newly formed federal savings bank based in Pasadena, California. (Id.)

judgment regarding fraud and rescission and common law damages (Count 6); (2) injunctive relief (Count 7); and (3) punitive damages (Count 8).

On April 18, 2011, this Court issued an Order: (1) Sua Sponte Dismissing Plaintiff's Complaint; (2) Denying as Moot OneWest's Motion for Summary Judgment; (3) Denying as Moot Plaintiff's Motion for Summary Judgment; and (4) Denying as Moot OneWest's Second Motion for Summary Judgment. (Doc. # 97.) Pursuant to that Order, the Court dismissed the entire Complaint, but granted Plaintiff leave to amend (1) the Truth in Lending Act ("TILA") claims asserted in Counts 1-4 of the Complaint to the extent Plaintiff seeks damages and (2) the HRS Chapter 480 unfair and deceptive acts and practices claim. (Id.) The Court also noted that Plaintiff had previously attempted to amend his Complaint (Docs. ## 23–24) and was denied that opportunity for failure to comply with Court deadlines after being given a two-week extension of time to file a motion for leave to amend. For this reason, the Court found that:

> [T]his Order in no way grants Plaintiff leave to add claims, allegations or Defendants to those articulated in the Complaint. Rather, an amended complaint shall only constitute a formal representation of the allegations and claims that remain. Failure to comply with this Order may result in dismissal of this action.

(Id. at 24.)

4

On May 18, 2011, Plaintiff filed a First Amended Complaint ("FAC") asserting the following claims: (1) deceptive and unfair business practices - civil RICO; (2) deceptive and unfair business practices - pattern of racketeering activity; (3) deceptive and unfair business practices - violations of the Fair Debt Collection Practices Act; (4) deceptive and unfair business practices - fraud; and (5) deceptive and unfair business practices.

On July 12, 2011, Magistrate Judge Kevin S.C. Chang issued an Order Granting Defendant OneWest Bank's Motion to Strike the FAC on the ground that Plaintiff violated this Court's April 18, 2011 Order by adding to the FAC a host of claims not raised in the original Complaint. (Doc. # 118.) However, in an abundance of caution, and because Plaintiff is proceeding pro se, Judge Chang gave him "one final opportunity to properly amend his complaint." (Id. at 5.) With regard to filing a Second Amended Complaint, Plaintiff was specifically advised as follows:

> [T]he only claims that may be raised are TILA claims seeking damages and HRS Chapter 480 claims . . . Plaintiff is prohibited from asserting any claims that the Court has not expressly authorized, including but not limited to a) allegations of RICO violations (particularly because he relies on federal criminal statutes) or any other criminal violations b) allegations related to the Fair Debt Collection Practices Act c) allegations of fraud or d) allegations of unjust enrichment.

> Plaintiff is cautioned that his failure to comply with this order and with Judge Ezra's Order will result in the dismissal of this action. The Court has extended Plaintiff many courtesies and opportunities during the course of this protracted litigation, and the Court will not allow Plaintiff to continue to impede the judicious and expeditious resolution of this action.

(Id. at 6–7.)

On July 26, 2011, Plaintiff filed a Second Amended Complaint asserting a single cause of action for Unfair and Deceptive Acts or Practices ("UDAP") pursuant to HRS Chapter 480-2 and HRS 480-13. ("SAC," Doc. # 121.) In his prayer for relief, Plaintiff seeks: (1) damages, (2) an order striking the state court foreclosure judgment, (3) a permanent injunction enjoining OneWest Bank from selling Plaintiff's property without proof of a valid claim against his property before the court, (4) reconveyance of the property to Plaintiff, and (5) an injunction enjoining OneWest Bank from selling any currently seized Hawaiian private property until proving a valid claim supported by original documented proof before the court. (Id.)

On November 30, 2011, Defendant OneWest Bank filed the instant Motion for Summary Judgment. ("Mot.," Doc. # 150 at 30.) On December 29, 2011, Plaintiff filed an Opposition to the Motion. ("Opp.," Doc. # 173.) Defendant filed a Reply on January 6, 2012. ("Reply," Doc. # 174.)

STANDARD OF REVIEW

I.   <u>Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction.  In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the initial burden of proving that subject matter jurisdiction exists.  <u>Robinson v. United States</u>, 586 F.3d 683, 685 (9th Cir. 2009); <u>Rattlesnake Coalition v. U.S. Env't Prot. Agency</u>, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007).  "In considering the jurisdiction questions, it should be remembered that 'it is a fundamental principle that federal courts are courts of limited jurisdiction.'"  <u>Stock West, Inc. v. Confederated Tribes of the Colville Reservation</u>,  873 F.2d 1221, 1225 (9th Cir. 1989) (quoting <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978)).  Upon a motion to dismiss, a party may make a jurisdictional attack that is either facial or factual.  <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  <u>Id.</u>  By contrast, a factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction."  <u>Id.</u>

7

When a defendant challenges jurisdiction "facially," all material

allegations in the complaint are assumed true, and the question for the court is

whether the lack of federal jurisdiction appears from the face of the pleading itself.

See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); see also Meyer, 373

F.3d at 1039.  "Unlike a Rule 12(b)(6) motion, however, the court will not

reasonably infer allegations sufficient to support federal subject matter jurisdiction

because a plaintiff must affirmatively allege such jurisdiction."  Mason, 260 F.

Supp. 2d at 815.

II.    Motion for Summary Judgment

Summary judgment is granted under Federal Rule of Civil Procedure

56 when "the pleadings, the discovery and disclosure materials on file, and any

affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also

Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred

Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  A main purpose of summary

judgment is to dispose of factually unsupported claims and defenses.  Celotex

Corp. v. Catrett, 477 U.S. 317, 323–24 (1986).

Summary judgment must be granted against a party that fails to

demonstrate facts to establish what will be an essential element at trial.  See id. at

8

323.  A moving party without the ultimate burden of persuasion at trial—usually, but not always, the defendant—has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  <u>Nissan Fire & Marine Ins. Co. v. Fritz Cos.</u>, 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987) (citing <u>Celotex Corp.</u>, 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings.  <u>Porter</u>, 419 F.3d  at 891 (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986)).  In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers.  <u>S. Cal. Gas Co. v. City of Santa Ana</u>, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties.").  "[A]t least some 'significant probative evidence'" must be

9

produced.  T.W. Elec. Serv., 809 F.2d at 630  (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)).  "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."  Addisu, 198 F.3d at 1134.  Further, the Ninth Circuit has "refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony."  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (citing Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996)).  "Conclusory allegations unsupported by factual data cannot defeat summary judgment."  Rivera v. Nat'l R.R. Passenger Corp., 331 F.3d 1074, 1078 (9th Cir. 2003).

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact."  T.W. Elec. Serv., 809 F.2d at 631.  In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party.  Porter, 419 F.3d at 891.  The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage.  Id.; see also Nelson v. City of Davis, 571 F.3d 924 (9th Cir. 2009) ("[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts

10

are jury functions, not those of a judge.") (citations omitted).  However, inferences

may be drawn from underlying facts not in dispute, as well as from disputed facts

that the judge is required to resolve in favor of the nonmoving party.  T.W. Elec.

Serv., 809 F.2d at 631.

DISCUSSION

I.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

        Defendant first asserts that this action should be dismissed for lack of

subject matter jurisdiction.  (Mot. at 17–18, 20.)  Specifically, Defendant asserts

that the allegations contained in a complaint are insufficient on their face to invoke

federal jurisdiction.  (Id. at 20.)

        The Court notes that a pro se litigant's pleadings must be read more

liberally than pleadings drafted by counsel.  Wolfe v. Strankman, 392 F.3d 358,

362 (9th Cir. 2004).  When a plaintiff proceeds pro se and technically violates a

rule, the court should act with leniency toward the pro se litigant.  Draper v.

Coombs, 792 F.2d 915, 924 (9th Cir.1986).  However, "a pro se litigant is not

excused from knowing the most basic pleading requirements."  American Ass'n of

Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000)

(citations omitted).  Moreover, "[p]ro se litigants must follow the same rules of

11

procedure that govern other litigants." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

Here, Plaintiff initially alleged subject matter jurisdiction on the basis of alleged violations of federal law. (Doc. # 1 at 2.) However, all of the claims arising under federal law have since been dismissed and the only remaining cause of action in the SAC arises under state law. Therefore, Plaintiff amended his complaint to allege diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(3). Section 1332(a)(3) provides the court with original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different States and in which citizens or subjects of a foreign state are additional parties. According to Defendant, this action should be dismissed for lack of subject matter jurisdiction because: (1) none of the parties are citizens of foreign states, and (2) Plaintiff has failed to allege that his damages exceed the $75,000 threshold for diversity jurisdiction. The Court disagrees and concludes that the action should not be dismissed on these grounds.

First, although Plaintiff inadvertently cites to § 1332(a)(3) regarding citizens of foreign states, it appears that he intended to cite to § 1332(a)(1), which pertains to actions between citizens of different states. Plaintiff expressly alleges that he is a resident and citizen of Florida and that both IndyMac and OneWest are

12

federally chartered banks with their principal place of business in California.
Therefore, the diversity of citizenship requirement of § 1332(a)(1) is clearly
satisfied here.

Second, while Plaintiff has not alleged the specific dollar amount in
controversy, the Court concludes that the facts alleged in the SAC and the record
are sufficient to demonstrate that the amount in controversy exceeds $75,000.  See
Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511, 1515 (9th Cir. 1987) ("[T]he
court may sustain jurisdiction when an examination of the entire complaint reveals
a proper basis for assuming jurisdiction other than one that has been improperly
asserted."); 5 Wright & Miller, Federal Practice and Procedure § 1206 (3d ed.
2011) (same); see also Steel v. United States, 813 F.2d 1545, 1547–48 (9th Cir.
1987) (holding that the district court had subject-matter jurisdiction
notwithstanding the fact that the plaintiff failed to allege the amount in controversy
where the record revealed that the amount in controversy  exceeded the
jurisdictional requirement).  Specifically, Plaintiff brings this action to challenge
the allegedly "deceptive and fraudulent foreclosure action enacted by INDYMAC
and [] the continued threats to seize and auction his property by ONEWEST."
(SAC ¶ 97.)  Based on the SAC, Plaintiff seeks general, compensatory, and treble
damages as well as an injunction enjoining the foreclosure sale of the Subject

13

Property and an order reconveying the Subject Property to Plaintiff for purposes of unclouding title.  While the specific value of the Subject Property is not clear, the record indicates that Plaintiff purchased the property for $2,372,356 on February 2, 2006, executed a loan in the amount of $1,000,000, and owed approximately $1,233,909.62 on the loan as of December 3, 2009.  See Chapman v. Deutsche Bak Nat'l Trust Co., 651 F.3d 1039, 1045 (9th Cir. 2011) (noting that the amount in controversy in an action to enjoin foreclosure sale is the value of the real property); see also Ngoc Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1028–29 (noting that for purposes of valuing wrongful foreclosure claims, some courts have relied on the amount of indebtedness while others have looked to the fair market value of the property).  Under these circumstances, it does not "appear to a legal certainty" that the amount in controversy is less than the jurisdictional amount of $75,000.01 required by § 1332(a).  See Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1131–32 (9th Cir. 2000).

Accordingly, the Court concludes that the allegations in the Complaint are sufficient to invoke federal diversity jurisdiction.

II.    Motion for Summary Judgment

Defendant next asserts that it is entitled to judgment as a matter of law on the ground that Plaintiff cannot establish any of the elements of his sole cause of action for unfair and deceptive trade practices.  However, upon further review, the Court has discerned that there remain some outstanding discovery disputes in this case.  The Court therefore finds the instant Motion for Summary Judgment to be premature.  Defendant's Motion is **DENIED WITHOUT PREJUDICE** to Defendant's right to renew the Motion after all outstanding discovery issues have been resolved.  If Defendant later moves for summary judgment on the same bases as set forth in the instant Motion, then the Court will be inclined to rely on the appropriate briefing and take the matter under advisement without further oral argument.

III.    Temporary Restraining Order and Preliminary Injunction

The Court also notes that in his Memorandum in Opposition to the instant Motion, Plaintiff requests a temporary restraining order ("TRO") or preliminary injunction enjoining Defendant from conducting a trustee's sale of the property during the pendency of this action. (Oppo. at 15.)  However, Plaintiff's request is limited to a single passing reference in his brief and he provides no explanation or authority to support his request.  This fails to comply with Local

15

Rule 10.2(g), which contemplates that an application for TRO or preliminary injunction be filed as a separate document with its own supporting points and authorities.  <u>See</u> Local Rule 10.2(g).  The Court therefore **DENIES** Plaintiff's request for a TRO or preliminary injunction.

<u>CONCLUSION</u>

For the reasons set forth above, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's request for a temporary restraining order or preliminary injunction.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 18, 2012.



David Alan Ezra
United States District Judge

<u>White v. IndyMac Bank, et al.</u>, CV No. 09-00571; ORDER: (1) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND (2) DENYING PLAINTIFF'S REQUEST FOR A TRO OR PRELIMINARY INJUNCTION